UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                    **Case No.** 3:99-cr-315-J-99HTS

**ROBERT J. ALBRIGHT**

---

### ORDER GRANTING UNITED STATES' MOTION FOR REDUCTION OF SENTENCE

This cause is before the Court upon the Motion by the United States for Reduction in Sentence Pursuant to Fed.R.Crim.P. 35(b) (Doc. 44), filed March 30, 2006. On May 8, 2006, the Defendant filed a Response in Support and Amplification of Government's Motion to Reduce Sentence (Doc.48). The Government filed a reply to the Defendant's response (Doc.49) on May 23, 2006.

The Government requests that the Court reduce the Defendant's sentence by departing downward four offense levels to offense level 25 and criminal history category VI in recognition of the Defendant's cooperation with the United States and his substantial assistance in the prosecution of other individuals after his sentencing on August 23, 2000, as set forth in its motion (Doc..44).

The Defendant seeks a reduction of at least six levels in recognition of his extraordinary level of cooperation as set forth in his response (Doc.48).[1] In its reply, the Government reviews and responds to the Defendant's assessment of his cooperation and

---

[1] The Defendant also has attached to his response several letters in support of a reduction of sentence. To the extent that those letters do not address his substantial assistance to the Government, the Court does not consider them in determining the appropriate sentence reduction as the sentence reduction pursuant to Rule 35(b) may be based only on factors related to substantial assistance. U.S. v. McVay, 2006 WL 1193212, *6 (11th Cir. May 5, 2006)

maintains that a four-level downward departure would be appropriate, but "recognizes that the Court has wide discretion to accept, reject, or expand upon the United States' recommendation." Doc. 49 at p.5.

The Government has not made a recommendation regarding sentencing within the resulting 110-137 month guideline range based upon a four-level departure. The Court notes that the Defendant's original 151 month sentence is at the low end of the 151-188 month range for offense level 29 and criminal history category VI.

While the Court has given substantial weight to the Government's evaluation of the extent of the Defendant's assistance, the Court is of the opinion that a five-level downward departure is warranted given the significance and usefulness of his assistance in the investigation and prosecution of numerous individuals, as well as the truthfulness, completeness and reliability of his cooperation. In addition, it appears that the Defendant's family was threatened and that he may have suffered injury as a result of his cooperation with the Government.

The Court has carefully reviewed the matter and will grant a five-level downward departure for the reasons set forth herein and in the submissions of the parties. As a result, the Defendant's offense level is 24 and his criminal history category is VI, resulting in a range of 100-125 months incarceration. The Court will sentence the Defendant at the low end of this range to 100 months incarceration. Accordingly, it is

**ORDERED AND ADJUDGED:**

1.   That Motion by the United States for Reduction in Sentence Pursuant to Fed.R.Crim.P. 35(b) (Doc. 44) is granted;

2. That the Defendant's sentence is reduced to a term of 100 months incarceration;

3. That the Judgment (Doc.42) is further modified to reflect the reduction of the Defendant's sentence from a term of 151 months incarceration to a term of 100 months incarceration for the reasons set forth above;

4. That all other portions of the Judgment shall remain in full force and effect; and

5. That after considering the Sentencing Guidelines advisory recommendation and all of the factors identified in Title 18, United States Code, Section 3553(a)(1)-(7), the Court finds the sentence imposed to be sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

**DONE AND ORDERED** this 7TH day of June 2006.

Howell W. Melton
**SENIOR UNITED STATES DISTRICT JUDGE**

Copies to:
Steve Weinbaum, Esq.
AUSA (Pashayan)              U.S. Probation (Steve Watson)
Bureau of Prisons

3